## RIZNIKOVE v PALECHECK et

Ohio Appeals, 9th Dist, Summit Co

No 2936. Decided February 1, 1938

E. I. Abramson, Akron, and Weick, Powers & Mason, Akron, for appellee.

Slabaugh, Seiberling, Huber & Guinther, Akron, for appellant.

### OPINION

By STEVENS, PJ.

This is an appeal on questions of law from a judgment in favor of appellee.

Plaintiff below brought an action against the defendant to recover damages for personal injuries and property damage alleged to have been sustained by him as a proximate result of the negligence of the defendant.

Plaintiff claims and the record discloses the following: The defendant, Palecheck, operated an automotive electrical repair shop on Glendale avenue in the city of Akron, Ohio. As part of his work, he loosened stuck valves in automobile motors through the use of an oil called "Siloo", which was placed in the combustion chamber of said motors, caused to penetrate to the stuck valve therein through the cranking of the motor, and the ignition was then turned on and the motor allowed to run.

One of the natural results of this procedure was the expulsion of dense smoke or vapor from the exhaust pipe of the motor.

On October 29, 1935, at about 4:30 p. m., plaintiff was driving in a northeasterly direction on Glendale avenue on his own side of the street, so operating his motor vehicle that it is conceded ne was guilty of no negligence.

At the same time one Seaman was driving his automobile in the opposite direction on said street the location of his car thereon being in dispute. As said automobiles approached each other, and when they had reached a position where but a short distance separated them, a cloud of smoke or vapor was expelled into and across said street from the exhaust pipe of defendant's car, upon which it is conceded his employees, acting within the scope of their employment, were working at the time.

Said car so being worked upon was located upon the apron between the building occupied by defendant, and the paved portion of Glendale avenue, but its exact location is in dispute.

Plaintiff claimed that, as a proximate result of the expulsion of said smoke or vapor, Seaman was rendered unable to see, and by reason of that fact lost control of his automobile, swerved the same to his left side of the street, collided with plaintiff's car, and thereby injured and damaged the plaintiff.

The claims of error made by appellant are:

1. That the verdict is against the weight of the evidence.

2. That the trial court erred in its refusal to give defendant's special request No. 2 before argument.

3. That there was error in the general charge of the trial court.

In support of the first assignment of error it is urged that the acts of defendant, which were described to the jury, could not support a verdict in favor of plaintiff as being the proximate cause of the injuries complained of by plaintiff.

This contention is based upon the assumption that the evidence shows Seaman's car to have been upon the wrong side of the street prior to the expulsion of said smoke or vapor, and that accordingly the expulsion of smoke or vapor into the street by defendant had no causal effect in producing plaintiff's injuries.

The record, however, reveals a marked conflict in the evidence as to the location of Seaman's car immediately before the expulsion of said smoke and before the collision, and the evidence contained in the record, together with the reasonable inferences deducible therefrom, present a conflict as to the manner in which Seaman's car got over to the place of collision. Under all of the circumstances here presented, we are of the opinion that the question of proximate cause was  one properly submissible to the jury, and we are unable to say that the jury's conclusion upon that question was manifestly against the weight of the evidence.

The acts of Palecheck concerning which complaint was made, likewise were properly submitted to the jury upon the question of whether or not they were negligent acts, and the jury's conclusion with reference thereto will not be disturbed as being manifestly against the weight of the evidence.

Error in the trial court's refusal to give defendant's special request No. 2 is next claimed. That request was as follows:

"I say to you that the evidence in this case, without dispute, shows that the collision between the automobile of the plaintiff and the automobile of Frank Seaman occurred on Seaman's left or wrong side of the street.

"Unless you find that the Seaman automobile was caused to go over onto the wrong side of the street, at the moment of the collision, by the smoke coming from the work done on defendant's premises, you cannot, in any event, find a verdict for the plaintiff.

"Even if you find that the smoke was a cause of Seaman's being on the wrong side of the street, you cannot find a verdict for the plaintiff unless you find that the work done on Palecheck's premises was being done negligently."

The trial court properly refused to give the request set out, because, first, it assumed the existence of a disputed fact, namely, the place where the work was being done upon Palecheck's car; and, second, it restricted the possible basis of plaintiff's recovery to the single issue of negligence in the doing of the work. Plaintiff's amended petition did not limit his specifications of negligence within so narrow a compass, nor did the evidence warrant such restriction.

We find no prejudicial error in the general charge of the court.

Judgment affirmed.

WASHBURN, J, and DOYLE, J, concur in judgment.